The Honorable Mike Todd State Representative 333 W. Court Street Paragould, Arkansas 72450
Dear Representative Todd:
This is in response to your request for an opinion on three questions concerning the termination of financing statements.
Your first question is as follows:
 Under the Circuit Clerk's Fee Bill passed in 1989, would Production Credit Association (Farm Credit) be required to pay for the terminations of financing statements?
It is possible that in certain circumstances "Farm Credit", if it is a secured creditor, would be required to file and pay for termination statements. The relevant statutory section, however, is not found in the "Circuit Clerks' Fee Bill", but is found in the Uniform Commercial Code — Secured Transactions, A.C.A. 4-9-401 et seq. Section 4-9-404 (Supp. 1989) of that code provides in pertinent part as follows:
 (1) If a financing statement covering consumer goods is filed on or after January 1, 1974, then within one (1) month or within ten (10) days following written demand by the debtor after there is no outstanding secured obligation and no commitment to make advances, incur obligations, or otherwise give value, the secured party must file with each filing officer with whom the financing statement was filed, a termination statement to the effect that he no longer claims a security interest under the financing statement. . . . In other cases whenever there is no outstanding secured obligation and no commitment to make advances, incur obligations, or otherwise give value, the secured party must on written demand by the debtor send the debtor, for each filing officer with whom the financing statement was filed, a termination statement to the effect that he no longer claims a security interest under the financing statement. . . .
* * *
 (3) The uniform fee for filing and indexing a termination statement including sending or delivering the financing statement shall not exceed six dollars ($6.00).
As can be seen from the statute above, in some instances, (namely where consumer goods are involved), the secured party is required to file a termination statement directly with the filing officer (in this case the circuit clerk, see 4-9-401). This filing by the secured creditor must, in my opinion, include the six dollar fee set out in 4-9-404(3). In other instances, the obligation of the secured party is merely to send a copy of a termination statement (one for each filing officer) to the debtor. In such cases, it would appear that there is no obligation on the part of the secured party to actually file the termination statement with the circuit clerk, and thus no obligation to pay the fee. It is my assumption that most of the secured creditor activity of "Farm Credit" would fall under this latter category, unless it is in the business of financing loans on "consumer goods". See 4-9-109(1).
Your second question is as follows:
 When the financing statements are left on file for five years, can the Circuit Clerk charge the creditor for the termination of the financing statements?
It is my opinion that the answer to this question is "no".
The circuit clerk cannot charge the secured creditor for the termination of a financing statement unless the creditor files a termination statement and triggers applicability of the six dollar fee. The six dollar fee is chargeable on the filing of the termination statement. See Opinion No. 90-220, a copy of which is enclosed. Your question most likely arises because under 4-9-403 (Supp. 1989) a financing statement is effective for a period of five years. If no continuation statement is filed, the financing statement lapses. This lapse, in my opinion, however, is not the same as the "termination" of a financing statement, and the six dollar fee for termination statements is not due upon the "lapse" of a financing statement. The filing officer, in some instances, however, may destroy the lapsed statement. See A.C.A. 4-9-403(3).
Your third question is as follows:
 When the original financing statement is terminated, are the amendments to that financing statement automatically terminated as well?
It is my opinion that the answer to your question is "yes". When a financing statement is terminated, it is no longer of any effect,. Amendments to a financing statement which have been terminated are amendments to an instrument which has no further legal effect. They as well have no further legal effect. They have been "terminated" by the termination of their corpus.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
RON FIELDS Attorney General
RF:arb